IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| MYLES WILLIAMS,[1] | § |
| | § No. 400, 2021 |
| Respondent Below, | § |
| Appellant, | § Court Below—Family Court |
| | § of the State of Delaware |
| v. | § |
| | § File No. CN21-01196 |
| JULIA JAMES/DIVISION OF | § Petition No. 21-09291 |
| CHILD SUPPORT SERVICES, | § |
| | § |
| Petitioner Below, | § |
| Appellee. | § |

Submitted: July 8, 2022
Decided: September 6, 2022

Before **SEITZ**, Chief Justice; **VAUGHN** and **TRAYNOR**, Justices.

## **ORDER**

Upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1)    The respondent below-appellant, Myles Williams ("the Father"), filed this appeal from the Family Court's order affirming in part and denying in part the Commissioner's child support order.  For the reasons set forth below, this Court affirms the Family Court judgment.

(2)    The Father and the petitioner below-appellee, Julia James ("the Mother"), are the parents of a child born in 2020 ("the Child").  On April 22, 2021,

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

the Division of Child Support Services ("DCSS") filed a petition for child support on behalf of the Mother. On November 15, 2021, a Family Court Commissioner held a hearing on the petition. Both parents appeared and participated. On November 17, 2021, the Commissioner entered an order requiring the Father to pay $916.00 in monthly child support, effective October 22, 2020,[2] and $844.00 in monthly child support (plus $50.00 in monthly arrears), effective April 7, 2021. In determining these amounts, the Commissioner performed a calculation of the parties' income between October 22, 2020 and April 6, 2021, and a calculation of the parties' income beginning on April 7, 2021.

(3) On November 23, 2021, the Father requested review of the Commissioner's order. He stated that he lived with the Mother and supported the Child until January 17, 2021. He also argued that the Commissioner had miscalculated his monthly income for the support obligation beginning on April 7, 2021. The Mother opposed the Father's arguments.

(4) On December 8, 2021, the Family Court affirmed in part and reversed in the part the Commissioner's order. Based on the parties' filings reflecting that they had lived together with the Child until January 17, 2021, the Family Court found that the Father had rebutted the presumption of six months retroactivity and modified

---

[2] Paragraph 2 of the order incorrectly referred to this date as October 22, 2021, but the discussion in paragraph 9 correctly referred to this date as October 22, 2020.

2

the Father's child support obligation to become effective on January 18, 2021, instead of October 22, 2020. As to the Father's monthly income since April 7, 2021, the Family Court concluded that it was calculated correctly. This appeal followed.

(5)     This Court's review of a Family Court order, including the Family Court's review of a Commissioner's order, extends to a review of the facts and the law, as well as to the inferences and deductions made by the judge.[3]  We review issues of law *de novo*.[4]  If the Family Court has correctly applied the law, we review for abuse of discretion.[5]

(6)     On appeal, the Father argues that (i) the child support arrears should not include the months he was living with the Mother and supporting the Child; (ii) the calculation for his monthly income beginning on April 7, 2021 should not include $333.00 from his water ice business because that business operated at a loss in 2021; and (iii) the child support arrears are inflated because he did not receive a raise for his current job until September 2021.  The Father has also asked the Court to "advise" how his child support obligation  "will be adjusted in 2022 and 2023 since bonuses are not promise[d] and not given on a regular basis[]."[6]

---

[3] *Kraft v. Mason*, 2010 WL 5341918, at *2 (Del. Dec. 20, 2010) (citing *Solis v. Tea*, 468 A.2d 1276, 1279 (Del.1983)).
[4] *In re Heller*, 669 A.2d 25, 29 (Del. 1995).
[5] *Jones v. Lang*, 591 A.2d 185, 186 (Del. 1991).
[6] Opening Br. at 2.

(7)    In his request for review of the Commissioner's order, the Father stated that he had resided with the Mother and Child until January 17, 2021.  Interpreting this statement as a challenge to the retroactivity of the child support order, the Family Court reviewed the parties' filings, found that they had lived together with the Child until January 17, 2021, and held that the Father had rebutted the presumption of six months retroactivity under Family Civil Procedure Rule 509(a).[7]  The Family Court modified the Father's child support obligation to become effective on January 18, 2021 with no change in the monthly amounts owed.

(8)    The Father argues on appeal that the arrears should not include child support for the months he resided with the Mother and Child.  The child support order does not contain the amount of arrears, but simply states that the Father has a back support obligation to be calculated by DCSS and requires the Father to pay $50.00 a month in arrears/retroactive support.  DCSS appears to agree with the Father's position, representing that "no arrears are assessed to Father, prior to the retroactivity date of January 18, 2021."[8]  We accept DCSS's representation that the Father's arrears do not include child support before January 18, 2021 and find no error in the Family Court's calculation of the retroactivity date.[9]

---

[7] Under this rule, "[r]etroactive support in a new support action shall be presumed at 6 months prior to the date of filing.  The burden of proof shall be on the party seeking greater or lesser retroactivity."

[8] Answering Br. at 12.

[9] To the extent the Father has provided a document suggesting that the amount of arrears may include child support for October 2020 through January 17, 2021, he did not present this document

4

(9)     As he did in his request for review of the Commissioner's order, the Father also argues that his monthly income beginning in April 2021 should not have included $333.00 from his water-ice business because he operated that business at a loss. The Commissioner included this amount based on the Father's testimony that, in addition to his primary job as a driver, he operated a water ice business on the side and netted $4,000.00 in profits from that business in 2021. The Commissioner divided that $4,000.00 by twelve months to attribute the Father with $333.00 per month from his water-ice business.

(10)    Applying Family Court Civil Procedure Rule 501(l), which provides guidance on when secondary income is included in the determination of support, the Family Court held that the Commissioner properly included the Father's net profits from the water ice business in his monthly income. The Father does not challenge the Family Court's application of Rule 501(l), but argues that the business had greater losses than profits in 2021. This argument is contrary to the Father's testimony at the child support hearing:

> **Commissioner:** Okay, Mr. Williams, when you said you made four thousand dollars [$4,000] in 2021, that was net, was that profit?
> **Mr. Williams:** Profit, yes.
> **Commissioner:** Okay, and you also said you took a loss?

to the Family Court in the first instance and we will not consider it for the first time on appeal. *See Price v. Boulden*, 2014 WL 3566030, at *2 (Del. July 14, 2014) ("[T]his evidence was not available to the Family Court in the first instance, is outside of the record on appeal, and cannot properly be considered by this Court."); *Del. Elec. Coop., Inc. v. Duphily*, 703 A.2d 1202, 1206 (Del. 1997) ("It is a basic tenet of appellate practice that an appellate court reviews only matters considered in the first instance by a trial court.").

**Mr. Williams:**  Yes, ma'am.

**Commissioner:**  And what was that?

**Mr. Williams:**  Uh, the loss was about five thousand [5,000].

**Commissioner:**  So, was the four thousand [4,000] what you took after the loss?

**Mr. Williams:**  Um, before.

**Commissioner:**  So, you're negative one thousand dollars [-1,000]?

**Mr. Williams:**  Um, no after, I'm sorry that was after.  After, yeah.  My bad.[10]

(11)   In addition, the Father did not object to DCSS's closing statement that the Father had net income of $4,000.00 from the water ice business in 2021, resulting in an additional $333.00 in monthly income.  Based on the Father's testimony, the Family Court did not err in concluding that his monthly income should include the monthly portion of the $4,000.00 in net profits he earned from his water ice business in 2021.  To the extent the Father relies on his tax returns for 2021 to argue otherwise, those returns were not presented to the Family Court in the first instance, and we will not consider them for the first time on appeal.[11]

(12)   The Father next argues that the child support arrears are inflated by $900.00 because the Commissioner's calculation of his monthly income beginning in April 2021 was based on the Father earning $1,075.00 a week as a truck driver, even though he earned $975.00 a week until he received a raise of $100.00 per week in September 2021.  In calculating the Father's wages as a truck driver, the Commissioner relied on pay stubs he provided from October and November 2021.

---

[10] App. to Answering Br. at B40-B41.

[11] *See supra* n.9.

Those pay stubs reflected that the Father was earning $1,075.00 per week and the Father did not mention a recent raise at the hearing. The Family Court did not err in concluding that the Commissioner correctly calculated the Father's monthly income.

(13)   Finally, the Father asks how his monthly income will be adjusted in 2022 and 2023 if he does not receive another $2,185.00 bonus like he did in 2021. The Commissioner divided the $2,185.00 bonus by twelve months to attribute the Father with an additional $107.00 in monthly income. To the extent the Father is suggesting that his bonus should not have been included in the calculation of his monthly income, he is mistaken. The General Assembly has defined "income" for the purpose of calculating child support obligations as including bonuses.[12] If the Father suffers a substantial change in circumstances not caused by his voluntary or wrongful conduct, he may petition the Family Court for modification of his child support obligation.[13]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:
*/s/ Gary F. Traynor*
Justice

---

[12] 13 *Del. C.* § 513(b)(5).

[13] Del. Fam. Ct. Civ. Proc. R. 508. If he files such a petition within two and one-half years of the Family Court's last determination of child support, he must allege a substantial change in circumstances with particularity and there will be no modification unless the new calculation produces a change more than 10%. *Id.*

7